THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JAMES SNELL ET AL., PLAINTIFFS IN ERROR.

Submitted March 3, 1921—Decided June 20, 1921.

A question not presented and argued in the court below will be held to be waived and abandoned and will not be considered in an appellate tribunal; although it is otherwise if the question goes to the jurisdiction or involves public policy; and a court of last resort, reviewing a court of intermediate appeal, will not reverse upon grounds which, while they could have been, were not, raised *and argued* in the intermediate court of appeal (unless a question of jurisdiction or public policy is involved).

On error to the Supreme Court.

For the plaintiffs in error, *Alexander Simpson*.

For the defendant in error, *Pierre P. Garven*, prosecutor, and *George T. Vickers*, first assistant prosecutor of the pleas.

PER CURIAM.

The defendants were convicted in the Hudson Quarter Sessions of bringing stolen goods into this state as charged against them in the indictment, and, after judgment, removed the cause into the Supreme Court on writ of error. That tribunal affirmed the conviction in a *per curiam*, which reads as follows:

"The four defendants were indicted and convicted for receiving stolen goods, consisting of an automobile stolen in New York City and brought into this state. But one assignment of error has been argued, viz., that the trial court charged that there was no dispute in the case that the automobile had been stolen; the contention being that that fact was for the jury. If the fact had been controverted the contention would seem plausible, but we find no testimony in the case which leads us to believe that the fact was in controversy. That being so, the court was warranted in assuming it to be a fact, and charging the jury accordingly.

"The conviction will be affirmed."

Judgment of affirmance being entered in the Supreme Court the same was removed into this court by writ of error; and it is here assigned for error that the Supreme Court affirmed the conviction of the defendants, whereas the conviction should have been reversed, and the defendants argue here certain specifications and causes of reversal residing in the record in the court below. This is entirely correct and proper practice. *State* v. *Fisher*, 95 *N. J. L.* 419. But, as only one point was raised *and argued* in the court below, that point alone will be considered here. A question not presented *and argued* in a court below will be held to be waived and abandoned and will not be considered in an appellate tribunal.

*State* v. *Heyer,* .89 *Id.* 187; *Shaw* v. *Bender,* 90 *Id.* 147. Although it is otherwise if the question goes to the jurisdiction or involves public policy. *State* v. *Shupe,* 88 *Id.* 610; *McMichael* v. *Horay,* 90 *Id.* 142. And a court of last resort, reviewing a court of intermediate appeal, will not reverse upon grounds which, while they could have been, were not, raised and argued in the intermediate court of appeal. *Marten* v. *Brown,* 81 *Id.* 599; *State* v. *Shupe, supra* (unless a question of jurisdiction or public policy is involved. *State* v. *Shupe, supra*).

On the only question argued in the Supreme Court our view is in accord with that tribunal's opinion, and, therefore, the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPEN-HEIMER, WILLIAMS, JJ. 10.

*For reversal*—None.